UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICKHOLAS KNIGHT, SR., ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:23-cv-03493 (UNA) |
| v. ) | |
| ) | |
| JOE BIDEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. Plaintiff's *in forma pauperis* application is granted, but the case is dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, a resident of Lake Elsinore, California, sues the President of the United States, the Department of Homeland Security, the Federal Bureau of Investigation, the Central Intelligence Agency, and the Department of Justice. *See* Compl. at 1. The complaint is spare and difficult to follow. Plaintiff broadly alleges that defendants violated several federal laws and intentionally violated his rights by stalking him and "sending various agenc[ies] to perform

unnatural acts against [him]." *See id*. As a result of these alleged bad acts, plaintiff claims to have suffered "various brain and bodily harm." *See id.* The relief sought is unspecified.

Subject matter jurisdiction cannot be exercised over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint falls squarely into this category.

Consequently, the complaint and this case are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: December 12, 2023

/s/_____
BERYL A. HOWELL
United States District Judge